F I L E D
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

01/15/2015

**DORIAN E. RAMIREZ, CLERK**
BY  smata

ACCEPTED
13-13-00657-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
1/15/2015 1:36:37 PM
DORIAN RAMIREZ
CLERK

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
1/15/2015 1:36:37 PM
DORIAN RAMIREZ
Clerk

**CAUSE NO. 13-13-00657-CR**

## IN THE COURT OF APPEALS

## THIRTEENTH JUDICIAL DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG, TEXAS

**MARIO ALBERTO ALANIZ,**
**Appellant**

**v.**

**STATE OF TEXAS,**
**Appellee.**

On appeal from the 138th Judicial District Court
of Cameron County, Texas
Trial Court Cause Number 2013-DCR-01319-B

### STATE'S APPELLATE BRIEF

**Luis V. Saenz**
**Cameron County District Attorney**

**René B. González**
**Assistant District Attorney**
964 East Harrison Street, 4thFloor
Brownsville, Texas  78520
Phone: (956) 544-0849
Fax: (956) 544-0869

**Attorneys for the State of Texas**

# TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Salutation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument and Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    State's Response to Appellant's First Issue. . . . . . . . . . . . . . . . . . . . . . . . 2

    State's Response to Appellant's Second Issue. . . . . . . . . . . . . . . . . . . . . . . 5

    State's Response to Appellant's Third Issue. . . . . . . . . . . . . . . . . . . . . . . . 7

    State's Response to Appellant's Fourth Issue. . . . . . . . . . . . . . . . . . . . . . . 9

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**INDEX OF AUTHORITIES**

**Case law** **Page**

*Camacho v. State*,
864 S.W.2d 524 (Tex. Crim. App. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Castrejon v. State*,
428 S.W.3d 179 (Tex. App.--Houston [1st Dist.] 2014, no pet.). . . . . . . . . . . 10, 11

*Cordova v. State*,
698 S.W.2d 107 (Tex. Crim. App. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Cunningham v. State*,
982 S.W.2d 513 (Tex. App.--San Antonio 1998, pet. ref'd). . . . . . . . . . . . . . . . 8

*Ethington v. State*,
819 S.W.2d 854 (Tex. Crim. App. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Flores v. State*,
125 S.W.3d 744 (Tex. App.--Houston [1st Dist.] 2003, no pet.). . . . . . . . . . . . . . 6

*Garza v. State*,
2 S.W.3d 331 (Tex. App.--San Antonio 1999, pet. ref'd). . . . . . . . . . . . . . . . . . 9

*Goff v. State*,
931 S.W.2d 537 (Tex. Crim. App. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Gross v. State*,
380 S.W.3d 181 (Tex. Crim. App. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Heidelberg v. State*,
144 S.W.3d 535 (Tex. Crim. App. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Jackson v. Virginia*,
443 U.S. 307 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Johnson v. State*,
 84 S.W.3d 726 (Tex. App.--Houston [1st Dist.] 2002, pet. ref'd). . . . . . . . . . . . . 6

*Laster v. State*,
275 S.W.3d 512 (Tex. Crim. App. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Leal v. State*,
782 S.W.2d 844 (Tex. Crim. App. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Lockhart v. State*,
847 S.W.2d 568 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Mayes v. State*,
816 S.W.2d 79  (Tex. Crim. App. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Peralta v. State*,
338 S.W.3d 598 (Tex. App.--El Paso 2010, no pet.). . . . . . . . . . . . . . . . . . . . 10

*Ransom v. State*,
920 S.W.2d 288 (Tex. Crim. App. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Sparks v. State*,
935 S.W.2d 462 (Tex. App.--Tyler 1996, no pet.). . . . . . . . . . . . . . . . . . . . . . 7

*Valle v. State*,
109 S.W.3d 500 (Tex. Crim. App. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Wilkerson v. State*,
874 S.W.2d 127 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd). . . . . . . . . . . 8

*Wilson v. State*,
71 S.W.3d 346 (Tex. Crim. App. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Wygal v. State*,
555 S.W.2d 465 (Tex. Crim. App. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Statutes**

Tex. Code Crim. Proc. art. 38.30. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Tex. Penal Code § 7.01. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. Penal Code § 7.02. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Rules**

Rule 1009(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Rule 1009(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Tex. R. App. P. 33.1(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Tex. R. App. P. 38.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**CAUSE NO. 13-13-00657-CR**

_____

**IN THE COURT OF APPEALS**

**THIRTEENTH JUDICIAL DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG, TEXAS**

_____

**MARION ALBERTO ALANIZ, Appellant**

**v.**

**STATE OF TEXAS, Appellee**

_____

**STATE'S APPELLATE BRIEF**

_____

**TO THE HONORABLE COURT OF APPEALS:**

**COMES NOW**, Appellee, the **STATE OF TEXAS**, by and through the Cameron County District Attorney, the Honorable Luis V. Saenz, and, pursuant to Rule 38.2 of the Texas Rules of Appellate Procedure, files this, its Appellate Brief in the above-styled and -numbered cause of action, and in support thereof, would show this Honorable Court as follows:

**SUMMARY OF ARGUMENT**

Appellant raises four issues on appeal. (1) In his first issue on appeal, Appellant complains that the evidence is insufficient to prove beyond a reasonable

doubt that Appellant was a party to the offense of robbery. In response, the State asserts that there is ample evidence in the record to support Appellant's conviction for the offense of robbery. (2) In his second issue, Appellant argues that the trial court committed reversible error by allowing the State to introduce an extraneous forgery offense into evidence. The State responds by asserting that Appellant did not preserve this issue for appellate review. (3) In his third issue, Appellant argues that the trial court committed error in refusing to give the jury a limiting instruction regarding an extraneous offense. The State responds by asserting that the evidence complained of was not "extraneous offense" evidence; but rather, it was "same transaction contextual evidence." (4) In his fourth issue, Appellant complains that the trial court erred in allowing into evidence the video statement of Appellant because it was not properly translated into English. The State responds by asserting that the audio statement of Appellant was properly admitted into evidence because a certified Spanish language interpreter was present in the courtroom to interpret the Spanish portion of the statement.

## ARGUMENT & AUTHORITIES

### State's Response to Appellant's First Issue

In his first issue on appeal, Appellant complains that the evidence is

insufficient to prove beyond a reasonable doubt that Appellant was a party to the offense of robbery.  In response, the State asserts that there is ample evidence in the record to support Appellant's conviction for the offense of robbery.

The United States Constitution requires that a criminal conviction be supported by evidence "necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979).  A reviewing court must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Id*. at 319; *Laster v. State*, 275 S.W.3d 512, 517-18 (Tex. Crim. App. 2009).  Proper deference must be given to the jury's determination of the credibility of the evidence.  *Id*.

A person is a criminally responsible party to an offense "if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." Tex. Penal Code § 7.01.  A person is criminally responsible for the conduct of another if, acting "with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." Tex. Penal Code § 7.02.

To determine whether an individual is a party to an offense, the reviewing court may look to "events before, during, and after the commission of the offense." *Gross*

*v. State*, 380 S.W.3d 181, 186 (Tex. Crim. App. 2012) (*quoting Wygal v. State*, 555 S.W.2d 465, 468-69 (Tex. Crim. App. 1977). Evidence is sufficient to support a conviction under the law of parties where the actor is physically present and encourages the commission of the offense either by words or other agreement. *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985). Mere presence alone will not make one a party to an offense; nevertheless, it is a circumstance tending to prove that a person is a party to the offense and when taken with other facts may be sufficient to show that he was a participant. *Wygal*, 555 S.W.2d at 469. A court may also rely on circumstantial evidence to prove party status. *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1996).

In the present case, the record reflects that Appellant was present at the scene of the robbery, and was in the vehicle used to arrive at, and to flee from, the scene. (SX5). The record also reflects that immediately after fleeing the scene of the robbery, Appellant knew that one of the other individuals in the vehicle was going through the victim's purse, throwing some things out the window. (SX5; R.R. Vol. 3, p. 106). Appellant and the other two individuals then proceeded without delay to the H.E.B. located on Southmost Road in Brownsville, where they attempted to pass one of the checks taken from the victim's purse. (SX 5; R.R. Vol. 3, p. 155). The record demonstrates that Appellant went and asked the clerk for a pen so that the

check could be filled in.  (SX5; R.R. Vol. 3, pp. 153-154).  Because these events occurred immediately after the robbery, and because these circumstances dictate that Appellant and the others must have somehow discussed their roles and reached an agreement in connection with this criminal transaction (*i.e.*, "you go get the pen so I can fill out this check we just took," or something similar), there was sufficient evidence for the jury to find Appellant guilty as a party to the offense of robbery.

Accordingly, this Court should find the evidence sufficient to support Appellant's conviction as a party to the offense of robbery, and this Court should overrule Appellant's first issue.

### State's Response to Appellant's Second Issue

In his second issue, Appellant argues that the trial court committed reversible error by allowing the State to introduce an extraneous forgery offense into evidence. The State responds by asserting that Appellant did not preserve this issue for appellate review.

To preserve a complaint for appellate review, a defendant must make a timely, specific objection to the trial court.  Tex. R. App. P. 33.1(a); *see Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  Moreover, an objection stating one legal basis may not be used to support a different legal theory on appeal.  *See Heidelberg*

*v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004). Courts have routinely held that where a complaint on appeal does not comport with an objection made at trial, the error is not preserved on the complaint. *Wilson*, 71 S.W.3d at 349; *Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996); *Flores v. State*, 125 S.W.3d 744, 747 (Tex. App.--Houston [1st Dist.] 2003, no pet.). Further, the law in Texas requires a party to continue to object each time inadmissible evidence is offered. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); *Johnson v. State*, 84 S.W.3d 726, 729 (Tex. App.--Houston [1st Dist.] 2002, pet. ref'd). "Any error in the admission of evidence is cured when the same evidence comes in elsewhere without objection." *Johnson*, 84 S.W.3d at 730.

In the present case, Appellant objected to Detective Reyes' testimony concerning the passing of a check at the H.E.B.; however, the basis of the objection and the ruling thereon are not contained in the record, as there was a bench conference which was not recorded. (R.R. Vol. 3, p. 44). Appellant was required to object to the court reporter's failure to record the bench conference. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). Because he failed to do so, nothing is presented for review.

Likewise, when the surveillance video from H.E.B. (which depicted Appellant and another attempting to pass one of the checks from the robbery) was offered into

evidence, a bench conference was held to discuss the admission of the exhibit; however, this bench conference was not reported either, and no objection was made to failure to record the bench conference. (R.R. Vol. 3, p. 46).

The record does not reflect that Appellant objected to the admission of the evidence related to the passing of the victim's, every time the evidence was offered. Further, the record does not reflect whether any of Appellant's objections made at the unrecorded bench conferences comport with the issue raised on appeal. For these reasons, this Court should find that Appellant has not preserved this issue for review, and Appellant's second issue should be overruled.

### State's Response to Appellant's Third Issue

In his third issue, Appellant argues that the trial court committed error in refusing to give the jury a limiting instruction regarding an extraneous offense. The State responds by asserting that the evidence of complained of was not "extraneous offense" evidence; but rather, it was "same transaction contextual evidence."

"Same transaction contextual evidence" refers to other offenses connected with the primary offense and is admissible when the evidence is necessary for the state to logically present evidence of the charged offense. *Lockhart v. State*, 847 S.W.2d 568, 570 (Tex. Crim. App. 1992); *Sparks v. State*, 935 S.W.2d 462, 466 (Tex. App.--Tyler

1996, no pet.). The reason for admitting such evidence is "simply because in narrating the one it is impracticable to avoid describing the other, and not because the other has any evidential purpose." *Mayes v. State*, 816 S.W.2d 79, 86–87 n. 4 (Tex. Crim. App. 1991). Crimes do not occur in a vacuum, and the state is entitled to prove the circumstances surrounding the crime even though they may seem like irrelevant details. *Cunningham v. State*, 982 S.W.2d 513, 521 (Tex. App.--San Antonio 1998, pet. ref'd); *Wilkerson v. State*, 874 S.W.2d 127, 131 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd).

In the present case, the conduct related to the passing of the stolen check is intermixed or blended with the primary offense of robbery such that it is admissible as same transaction contextual evidence. This especially so, because the evidence of the passing of the stolen check serves to demonstrate the agreement and cooperation between the parties and thus proves the criminal responsibility of the parties.

The Court of Criminal Appeals has held that a limiting instruction is not required when evidence is admitted as same transaction contextual evidence. *Camacho v. State*, 864 S.W.2d 524, 535 (Tex. Crim. App. 1993). Where the evidence is presented as same transaction contextual evidence, the State is not offering the evidence to prove the defendant's character but simply to explain the surrounding circumstances. Although the jury may use the evidence to assess the

defendant's character, by holding that a limiting instruction is not required, the Court of Criminal Appeals has already decided that this Court should not concern itself with that possibility. Therefore, since same transaction contextual evidence is not offered as evidence against a defendant, but simply to explain the circumstances of the offense, a reasonable doubt instruction is not required. *Id*.; *see also Garza v. State*, 2 S.W.3d 331, 335 (Tex. App.--San Antonio 1999, pet. ref'd).

Accordingly, this Court should find that a limiting instruction was not necessary as the evidence offered was merely same transaction contextual evidence; and therefore, this Court should overrule Appellant's third issue.

### State's Response to Appellant's Fourth Issue

In his fourth issue, Appellant complains that the trial court erred in allowing into evidence the video statement of Appellant because it was not properly translated into English. The State responds by asserting that the audio statement of Appellant was properly admitted into evidence because a certified Spanish language interpreter was present in the courtroom to interpret the Spanish portion of the statement.

Appellant argues first that the recording was inadmissible because the State did not comply with Rule 1009 of the Texas Rules of Evidence. *See* Tex. R. Evid. 1009. Specifically, at trial, Appellant complained that said Rule was not complied with, and

he was not given forty-five days' notice of the State's intent to introduce the recording, as required by subsection 1009(a). (R.R. Vol. 3, pp. 72-73). After hearing Appellant's objections, the trial court questioned Alejandro Solis, a certified interpreter, and the trial court was satisfied that Mr. Solis was qualified to interpret from the Spanish language into English. (R.R. Vol. 3, pp. 77-79). The trial court then placed Mr. Solis under oath and had him interpret those portions of Appellant's audio statement which are in Spanish. (R.R. Vol. 3, pp. 86-88).

In response to Appellant's argument, the State would note that Rule 1009(a)'s forty-five day notice requirement does not apply to the admission of the underlying video or audio recording of Appellant's interview with police officers. The requirement applies only to the admission of the translation of the recording, and it applies to admission of the translation only if that translation was not admissible under another subsection of Rule 1009. Here, Appellant's audio statement is admissible under Rule 1009(e). *See* Tex. R. Evid. 1009(e). Rule 1009(e) does not require the contemporaneous admission of a written transcript of the exhibit being translated through live testimony; and it does not require forty-five days' notice. *Castrejon v. State*, 428 S.W.3d 179, 184-85 (Tex. App.--Houston [1st Dist.] 2014, no pet.) (*citing Peralta v. State*, 338 S.W.3d 598, 606 (Tex. App.--El Paso 2010, no pet.)). Said Rule requires only that the translation be offered by live testimony or by

the deposition of a certified expert translator. Tex. R. Evid. 1009(e). Thus, the fact that the State did not submit a written translation and affidavit of a qualified translator to appellant forty-five days before trial does not preclude admission of the recording. *See Castrejon*, 428 S.W.3d at 185.

Further, the State relies on *Leal v. State*, 782 S.W.2d 844 (Tex. Crim. App. 1989). In *Leal*, the Court of Criminal Appeals held that the admission of a recorded conversation in a foreign language is analogous to testimony by a non-English speaker, and that the safeguards of article 38.30 apply. *Leal*, 782 S.W.2d at 849; Tex. Code Crim. Proc. art. 38.30. The court held that on a proper motion or objection, an interpreter must be sworn to translate the recorded conversation, which is what happened in the present case. *Leal*, 782 S.W.2d at 849.

Accordingly, it was not error for the trial court to allow the Appellant's audio statement into evidence, as a qualified interpreter was present in the courtroom to interpret any Spanish portions of the statement. Therefore, Appellant's fourth issue should be overruled.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the State of Texas prays that this Court will overrule Appellant's issues on appeal, and affirm both the judgment of conviction and the sentence herein.

Respectfully Submitted,

**LUIS V. SAENZ**
**Cameron County District Attorney**
964 East Harrison Street, 4th Floor
Brownsville, Texas  78520
Phone: (956) 544-0849
Fax: (956) 544-0869


By:  */s/ René B. González*
**René B. González**
Assistant District Attorney
State Bar No. 08131380
rgonzalez1@co.cameron.tx.us
**Attorneys for the State of Texas**

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 2,594 words (excluding the cover, table of contents and table of authorities). The body text is in 14 point font, and the footnote text is in 12 point font.

/s/ René B. González
René B. González

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing State's appellate Brief was served by electronic mail upon Mr. Edmund K. Cyganiewicz, Attorney at Law, 1000 East Madison Street, Brownsville, Texas 78520, edcyganiewicz@rgv.twcbc.com on the 15th day of January, 2015.

/s/ René B. González
René B. González