# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00727-CR

**Juan Jose Ramirez, Sr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH JUDICIAL DISTRICT
### NO. 41984, HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Juan Jose Ramirez, Sr., was charged with aggravated assault with a deadly weapon, and the indictment alleged that he "intentionally or knowingly threaten[ed] Ana Marlene Ramirez, with imminent bodily injury, by holding a knife to her throat" and "use[d] or exhibit[ed] a deadly weapon, to-wit: a knife, during the commission of said assault."[1] *See* Tex. Penal Code § 22.02(a)(2) (setting out elements for offense of aggravated assault); *see also id.* § 22.01(a) (describing when person commits assault). During a pretrial hearing, Ramirez's attorney served as an interpreter, but a translator was provided during the trial. At the end of the guilt-or-innocence phase of the trial, the jury found Ramirez guilty of the offense. At the end of the punishment phase, the jury recommended

---

[1] The indictment also contained a second count alleging that Ramirez "intentionally, knowingly, or recklessly cause[d] bodily injury to Ana Marlene Ramirez by cutting her hand with a knife" and that he "did then and there use or exhibit a deadly weapon, to-wit: a knife, during the commission of said assault." Because the jury found Ramirez guilty of the first count, it made no determination regarding the alternative count.

that Ramirez be sentenced to ten years' imprisonment. *See id.* § 12.33(a) (listing permissible punishment range for second-degree felony). The district court rendered its judgment in accordance with the jury's verdicts. In a single issue on appeal, Ramirez contends that he was denied the right to have the pretrial hearing translated. We will affirm the district court's judgment of conviction.

## DISCUSSION

In his sole issue on appeal, Ramirez urges that he "was denied his right to have the plea bargain deadline hearing interpreted as guaranteed" by the Sixth Amendment and by article 38.30 of the Code of Criminal Procedure. *See* U.S. Const. amend. VI (listing accused's rights in criminal prosecutions); Tex. Code Crim. Proc. art. 38.30 (setting out circumstances in which defendant is entitled to interpreter). Although Ramirez acknowledges that his trial attorney translated the proceedings, he asserts that his attorney "did not translate verbatim either the court's statements or the responses from" him and that his attorney was not a certified interpreter or sworn in by the district court. Further, Ramirez contends that the record does not show what his attorney said to him and that the record does not show if he understood what was being told to him. Although Ramirez concedes that the record indicates that he "did respond to the court's inquiries," he asserts that "those were not necessarily responses born out of a true understanding of the proceedings." In addition, Ramirez urges that the presence of a bilingual person, without more, does not comply with the requirements of the relevant governing law but also argues that the record does not show whether his attorney was, in fact, bilingual. Similarly, Ramirez insists that "the record shows nothing about whether [his attorney] had a good grasp of the Spanish language, or whether [he] had any grasp of the English language."

2

Both the United States Constitution and the Texas Constitution grant a defendant the right to be present at a trial to confront the witnesses against him. *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10. The right to be present includes not only the right to attend proceedings but also to comprehend those proceedings. *See Garcia v. State*, 149 S.W.3d 135, 140-41 (Tex. Crim. App. 2004). For non-English speakers, that right includes the assistance of an interpreter during trial proceedings. *See Cantu v. State*, 993 S.W.2d 712, 721 (Tex. App.—San Antonio 1999, pet. ref'd) (providing that "accused's constitutional right to confront witnesses encompasses the right to have trial proceedings interpreted to the accused in a language he can understand").

Under article 38.30 of the Code of Criminal Procedure, an interpreter must be provided when "it is determined that a person charged or a witness does not understand and speak the English language." Tex. Code Crim. Proc. art. 38.30. The trial court may become aware that the defendant does not understand "either by being informed of it by one or both parties or noticing the problem sua sponte," *Franqui v. State*, No. 03-08-00028-CR, 2009 WL 280981, at *1 (Tex. App.—Austin Feb. 6, 2009, no pet.) (mem. op., not designated for publication), and if a trial court is aware that the defendant has a problem understanding the English language, the court is obligated to implement this right unless the defendant knowingly and voluntarily waives the right, *Garcia*, 149 S.W.3d at 145. "Decisions regarding adequate interpretive services depend upon a potpourri of factors, including the defendant's understanding of the English language and the complexity of the pertinent law and its procedures, and the testimony." *Linton v. State*, 275 S.W.3d 493, 500 (Tex. Crim. App. 2009). Accordingly, because the trial court has the defendant in its presence, "observ[es] his level of comprehension, and ask[s] him questions," it "has wide discretion in

3

determining the adequacy of interpretive services." *Id.*; *see also State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014) (explaining that under abuse-of-discretion standard, trial court's "judgment will be reversed only if it is arbitrary, unreasonable, or 'outside the zone of reasonable disagreement'" (quoting *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006))). In addition, as with evidentiary determinations, an attack on the competency of an interpreter is reviewed for an abuse of discretion. *See Castrejon v. State*, 428 S.W.3d 179, 184 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Shu Guo Kan v. State*, 4 S.W.3d 38, 41 (Tex. App.—San Antonio 1999, pet. ref'd) (providing that "[t]he competency of an individual to act as an interpreter is a question for the trial court, and absent a showing of abuse of discretion, that determination will not be disturbed on appeal").[2]

As an initial matter, we note that the district court announced at the beginning of the very short pretrial hearing that Ramirez's attorney would be "interpreting everything into Spanish," and nothing in the record from that hearing, which is only a little over two-pages long, reveals that Ramirez or the State objected or requested that a different interpreter be used. *See Medina v. State*,

---

[2] In its brief, the State contends that Ramirez has waived his complaints regarding his right to an interpreter because Ramirez did not request an interpreter for the proceeding. However, in his arguments on appeal, Ramirez is essentially asserting that the record shows that although the district court initially allowed Ramirez's attorney to serve as an interpreter, it became aware that he was unable to understand the proceedings and needed an interpreter and that he did not waive his right to an interpreter. *See Hernandez v. State*, 986 S.W.2d 817, 822 (Tex. App.—Austin 1999, pet. ref'd) (stating that "[a] defendant who does not request an interpreter waives the right to complain on appeal, unless the record otherwise demonstrates the defendant's lack of understanding of the proceedings"); *see also Garcia v. State*, 429 S.W.3d 604, 607 (Tex. Crim. App. 2014) (providing that if trial court knows that defendant cannot understand English, court must appoint interpreter unless defendant waives appointment and that defendant may only waive right if waiver is made "'plainly, freely, intelligently, sometimes in writing and *always on the record*'" (quoting *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997) (emphasis added in *Garcia*))).

No. 14-97-00859-CR, 1999 WL 587657, at *1 (Tex. App.—Houston [14th Dist.] Aug. 5, 1999, no pet.) (not designated for publication) (providing that "[i]t is well settled law that an attorney may serve as an interpreter for his client"). Moreover, nothing in the record indicates that Ramirez's attorney was unable to adequately serve as a translator or that Ramirez was unable to understand the proceedings. *See Rivera v. State*, 981 S.W.2d 336, 338 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (explaining that "[w]here there is evidence an interpreter was present and available to help the defendant, then a trial court does not err by failing to appoint an interpreter" and that this also holds true "when the defendant's counsel is capable of interpreting for the defendant"); *cf. Leon v. State*, 25 S.W.3d 841, 843 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (stating that "[a]bsent any showing to the contrary, we assume regularity in the proceedings").

On the contrary, the record shows that Ramirez understood the proceedings because it documents that Ramirez answered all of the questions posed to him by the court and similarly responded to statements made by the State. For example, when the district court asked Ramirez if he was the person who had been charged in this case and if he understood that the trial was scheduled to start in six days, at which time a jury would be chosen, he answered, "Yes," to both questions. Next, after Ramirez's attorney informed the district court that Ramirez understood that the hearing was being convened to determine if the parties could agree to a plea-bargain agreement but that Ramirez wanted to proceed to trial and after the State read what the terms of the plea offer were, Ramirez stated, "Okay. Yes. I understand that and I'm not accepting that." Moreover, after the court informed Ramirez about the range of punishment that he could face if no plea agreement was reached and also warned Ramirez regarding potential consequences to his eligibility for parole

if he were to be given a twenty-year sentence, Ramirez responded, "Yes, I understand." Finally, the court informed Ramirez that it would see him in six days, and Ramirez responded, "Okay." *Cf. Hernandez v. State*, 986 S.W.2d 817, 822-23 (Tex. App.—Austin 1999, pet. ref'd) (determining that there was no basis in record upon which to conclude "that the district court should have appointed an interpreter for appellant on its own motion" where record showed that appellant "answered several of the court's questions").

Furthermore, although Ramirez noted that his attorney was not a certified interpreter, the relevant provision of the Code of Criminal Procedure governing the use of interpreters in criminal proceedings does not require that an interpreter be licensed or certified in order to serve as a translator. *See* Tex. Code Crim. Proc. art. 38.30(a); *Nois v. State*, No. 05-15-00203-CR, 2016 WL 891086, at *8-9 (Tex. App.—Dallas Mar. 9, 2016, no pet.) (mem. op., not designated for publication). The district court determined that Ramirez's attorney could adequately serve as an interpreter, and there is nothing in the record before this Court that contradicts that conclusion. *Cf. Ramos v. Terry*, 622 S.E.2d 339, 343 (Ga. 2005) (stating that "[t]he failure to interpose a timely objection to an interpreter's qualifications constitutes a waiver of the issue on appeal").

When arguing that his rights were violated, Ramirez primarily relies on *Garcia v. State*, 149 S.W.3d 135 (Tex. Crim. App. 2004), and *Ex parte Zantos-Cuebas*, 429 S.W.3d 83 (Tex. App.—Houston [1st Dist.] 2014, no pet.), but we believe that both cases are distinguishable. In *Garcia*, the record established that Garcia did not "speak, read, or write English to any appreciable degree," that Garcia's lawyer did not speak Spanish, and that Garcia and his attorney communicated through his attorney's "bilingual legal assistant." 149 S.W.3d at 136-37. When determining that

6

Garcia's Sixth Amendment rights were violated, the court of criminal appeals explained that although the legal assistant was bilingual and sat next to Garcia during the trial, the assistant "was not sworn in by the court to interpret the trial for Garcia, . . . was not told to interpret the trial for Garcia, and . . . did not interpret the trial for Garcia." *Id.* at 143, 145.

In *Ex parte Zantos-Cuebas*, the appellate court determined that the trial court erred when it determined that Zantos-Cuebas's application for writ of habeas corpus was frivolous. 429 S.W.3d at 91. In reaching this determination, the appellate court explained that the application and the accompanying affidavits "indicate that he entered his plea without an awareness of the constitutional rights he was waiving thereby," including possible immigration consequences, because they set out that Zantos-Cuebas did "not speak English," "that he relied on a 17-year old friend to translate for him in the courtroom," and "that his amateur interpreter" translated some of the proceedings but "'did not translate the admonishments of pleading guilty to the offense and the resulting immigration consequences of a plea. [His friend] did not translate Applicant's waiver of constitutional rights, stipulation of evidence, and judicial confession to appellant.'" *Id.* at 89-90.

Unlike the cases discussed above, in the present case, the district court sanctioned the use of Ramirez's attorney as an interpreter, and nothing in the record indicates that his attorney failed to translate all or any part of the proceeding for Ramirez. Moreover, the record establishes that Ramirez understood that the purpose of the hearing was to determine whether he would accept a plea deal and that Ramirez personally rejected the offered deal.

In light of the preceding, we cannot conclude that the district court abused its discretion when it determined that Ramirez's attorney could properly serve as an interpreter during

7

the hearing or that Ramirez's constitutional and statutory rights were violated by the district court's decision to not appoint another interpreter to translate the hearing. Accordingly, we overrule Ramirez's sole issue on appeal.

## CONCLUSION

Having overruled Ramirez's sole issue on appeal, we affirm the district court's judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: October 21, 2016

Do Not Publish