NO. 12-23-00034-CR     NO. 12-23-00035-CR
NO. 12-23-00036-CR     NO. 12-23-00037-CR
NO. 12-23-00038-CR     NO. 12-23-00039-CR
NO. 12-23-00040-CR     NO. 12-23-00041-CR

## IN THE COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

| | | |
|---|---|---|
| *ARTURO LAGUNAS,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 392ND* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Arturo Lagunas appeals his eight convictions for aggravated assault against a public servant. In his sole issue, he contends the trial court committed reversible error when it denied his motion to suppress the statement given by him based on a faulty translation of the interview and incomplete statutory warnings under Texas Code of Criminal Procedure Article 38.22. We affirm.

### BACKGROUND

On April 5, 2020, Mabank Police Department Officers Mickey Trahern and Edward Doss responded to a disturbance at an apartment complex. They encountered Appellant's wife and daughter in Apartment 55, who were "crying, shaken, fearful, and very upset." They both stated that Appellant pointed a gun at them and that he was in apartment 24.

Officer Trahern went to the apartment, knocked on the door, and announced his presence. The complainants told the officers that Appellant did not speak English very well, and due to the language barrier, the officer used Google translate to attempt communication with Appellant. Additional officers, including Mabank Police Chief Keith Bradshaw arrived at the scene. Chief

Bradshaw was notified that Appellant had an active felony warrant for manufacture/delivery of a controlled substance. After unsuccessful attempts to communicate with Appellant, Chief Bradshaw authorized the officers to enter the apartment.

The officers learned that Appellant had two small pistols inside the residence, and upon entry into the apartment, they located a single pistol on the couch. Officers conducted a sweep of the apartment to locate Appellant, and eventually found him inside the attic space between apartments 24 and 25. Officers then pepper-sprayed the attic space. Appellant responded by firing shots down from the attic with his other pistol, striking Officer Mitzi Storey. Officers returned fire, striking Appellant. Officer Storey and Appellant were taken to a hospital for treatment. After Appellant's treatment, he was taken to the Henderson County Jail.

On April 9, 2020, Texas Ranger Michael Adcock and Henderson County District Attorney's Office Investigator Baldemar Quintanilla conducted a recorded interview with Appellant at the jail. Ranger Adcock asked most of the questions with Investigator Quintanilla initiating a few questions.

Appellant was indicted in eight separate indictments for attempted capital murder of a peace officer. The State subsequently filed a notice of intent to consolidate the actions, which the trial court granted.

On May 17, 2022, the trial court held a suppression hearing regarding Appellant's statement. Prior to Investigator Quintanilla's testimony, the court admitted into evidence a transcript of Appellant's interview that a third party prepared after the interview. Appellant's trial counsel asserted that the translation provided by Investigator Quintanilla to Ranger Adcock was not accurate. He also challenged the translation of the warnings under Texas Code of Criminal Procedure Article 38.22.

Investigator Quintanilla testified at the suppression hearing that he is bilingual, "fairly good in Spanish," and that part of his duties includes conducting or assisting in conducting interviews in Spanish for other officers. He also translates the interviewee's responses back to the officers in English. Quintanilla stated that he had no official certification as a translator.

He testified that Appellant was able to communicate in English, albeit in "broken English." Consequently, he testified, the majority of the interview was conducted in Spanish. He testified that Ranger Adcock asked questions in English, he translated those questions into Spanish,

2

Appellant responded in Spanish, and Quintanilla relayed the response to Ranger Adcock in English.  However, Quintanilla also initiated some questions on his own.

Appellant switched between English and Spanish during the interview, and Ranger Adcock attempted to conduct the interview in English, but the majority of it was conducted in Spanish. Appellant indicated he understood the rights, and even conveyed his understanding and comprehension of them by repeating portions of the rights.  For example, when explaining that he had the right to an appointed attorney, he responded that he did not have any money, inferring that he would require the services of an appointed attorney.  Although he stated he could not read in English, he said he could read Spanish.  The investigator handed the form to Appellant, and Ranger Adcock asked Appellant to read the first line of the form.  Appellant correctly read that line aloud, read the remainder of the form, and signed it.

After the hearing, and taking the matter under advisement, the trial court denied the motion.

Appellant subsequently entered a plea agreement with the State that, in exchange for his "guilty" plea, would cap his punishment at fifty years of imprisonment on charges of aggravated assault against a public servant with a deadly weapon, and that each sentence would be concurrently served.  At the plea hearing, the trial court accepted the plea, and in conformity with the agreement after a punishment hearing, sentenced Appellant to fifty years of imprisonment in each case to be concurrently served.  This appeal followed.

### ERRONEOUS TRANSLATION AND ARTICLE 38.22 STATUTORY WARNINGS

In Appellant's sole issue, he alleges that Investigator Quintanilla's translation contained errors and that he omitted a portion of the statutory warnings.

### Standard of Review

We review a trial court's ruling on a motion to suppress under an abuse of discretion standard.  *Elizondo v. State*, 382 S.W.3d 389, 393 (Tex. Crim. App. 2012); *see Gomez v. State*, 459 S.W.3d 651, 668 (Tex. App.—Tyler 2015, pet. ref'd) (applying abuse of discretion standard to issue that translation of *Miranda* and Article 38.22 warnings was inadequate).  We review the record in the light most favorable to the trial court's determination, and the judgment will be reversed only if it is arbitrary, unreasonable, or outside the zone of reasonable disagreement.  *See State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006); *Montgomery v. State*, 810 S.W.2d 372, 391-92 (Tex. Crim. App. 1991).

When the trial court's findings of fact are based on an evaluation of credibility and demeanor, we afford almost total deference to the trial court's determination of facts that are supported by the record. *Elizondo*, 382 S.W.3d at 393. We review de novo the trial court's application of the law to the facts and uphold the trial court's ruling if it is supported by the record and is correct under any theory of law applicable to the case. *Id.* at 393–94 (citing *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000)).

**Translation Inaccuracies**

Appellant first contends that the trial court erred in overruling his motion to suppress his statement because Investigator Quintanilla's translation was inaccurate.

If a defendant does not speak English well enough to understand the trial proceedings or communicate with counsel, fundamental fairness and due process of law require that an interpreter be provided to translate between English and the accused's own language. *Linton v. State*, 275 S.W.3d 493, 500 (Tex. Crim. App. 2009). The right to an interpreter is part of an accused's constitutional right to confrontation and a matter of due process. *Kan v. State*, 4 S.W.3d 38, 41 (Tex. App.—San Antonio 1999, pet. ref'd); *see* U.S. CONST. amends. VI, XIV; TEX. CONST. art. I, § 10. "The question on appeal is not whether the 'best' means of interpretive services were employed, but whether the services that were actually employed were constitutionally adequate such that the defendant could understand and participate in the proceedings." *Linton*, 275 S.W.3d at 501; *see Castrejon v. State*, 428 S.W.3d 179, 184 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Peralta v. State*, 338 S.W.3d 598, 604 (Tex. App.—El Paso 2010, no pet.). While the translation need not be perfect, it must be "true or accurate." *Peralta*, 338 S.W.3d at 604.

Issues concerning the provision of interpretive services are "within the sound discretion of the trial court." *Linton*, 275 S.W.3d at 503. Because translation involves "a variety of factors," including the defendant's knowledge of English and the complexity of the proceedings, the trial court "must be given wide discretion." *Id.* at 502–03.

However, a challenge to the accuracy of a translation is an issue of fact that must be settled by the trier of fact. *Calixto v. State*, 66 S.W.3d 505, 510 (Tex. App.—Austin 2001, pet. ref'd) (citing *Garcia v. State*, 887 S.W.2d 862, 875 (Tex. Crim. App. 1994), *overruled on other grounds*, *Hammock v. State*, 46 S.W.3d 889, 893 (Tex. Crim. App. 2001)). Such an issue is generally not reviewable by this Court. *See Garcia*, 887 S.W.2d at 875 ("[W]e cannot even review the question, because there is no legal issue presented; it is a factual question which ultimately only the

4

[factfinder] can answer, and which is not reviewable by this court."); ***Martins v. State***, 52 S.W.3d 459, 471 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.) ("An attack on the accuracy of a translation, on the other hand, is a question of fact for the factfinder and so not reviewable on appeal."); ***Kan***, 4 S.W.3d at 43 ("The accuracy of the translation was a fact question properly addressed to the trial court."). An appellate court can no more determine whether a translation is accurate or which of two translations is more accurate, than it can determine which of two witnesses is telling the truth, or which of the two is more truthful. ***Garcia***, 887 S.W.2d at 875. Instead, the proper method to cure the inaccuracy is through impeachment, which is usually accomplished through cross-examination. *See **Galvan-Cerna v. State***, 509 S.W.3d 398, 409 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing ***Garcia***, 887 S.W.2d at 875).

Appellant does not appear to challenge whether the interpretation satisfied the constitutional requirements, but instead generally challenges the accuracy of Investigator Quintanilla's translation. As we have detailed above, since that issue is a question of fact for the trial court within its wide discretion, we do not review that issue and are in no better position to evaluate accuracy of the translation than the trial court. *See **Linton***, 275 S.W.3d at 503; ***Garcia***, 887 S.W.2d at 875.

As part of this issue, Appellant contends that Ranger Adcock admitted that it is without question that the interview was not functionally correct. We disagree. He admitted that Quintanilla "didn't interpret it, I mean, verbatim, no." As we have explained, translation involves a variety of factors, including the defendant's knowledge of English and the complexity of the proceedings. *See **Linton***, 275 S.W.3d at 502-03. Investigator Quintanilla testified that Appellant was quite animated and spoke quickly. He admitted that he could have missed "a word or two or a small phrase here and there." On redirect, Investigator Quintanilla explained that there are words in both languages that do not have literal translations or companion words between each other. He also explained that a literal translation is not the best way to make the translation, because the context of how the languages is spoken is different.

Furthermore, Appellant in his brief states that "there are too many errors to recount in detail here." Elsewhere in his brief, he states that there are no less than twenty-five inaccuracies, and with the exception of one, does not identify them, explain how they are inaccurate, or contend that they changed the meaning of what Appellant said during the interview. Appellant does not explain how he was harmed by any of the alleged translation errors. Accordingly, this portion of

5

Appellant's first issue is overruled.  *See **Gonzalez v. State***, No. 03-21-00104-CR, 2023 WL 3873493, at \*9–11 (Tex. App.—Austin June 8, 2023, no pet.) (mem. op., not designated for publication) (analyzing similar issue and holding trial court acted within discretion in denying motion to suppress statement for translation errors).

**Omission of Portion of Article 38.22 Warnings**

In the remainder of Appellant's sole issue, he contends that the trial court erred in failing to suppress his statement because Investigator Quintanilla's oral recitation of the Article 38.22 warnings and translated written warnings omitted a portion of the statute's requirements.

Courts have repeatedly held that there is not one singularly correct form of the required warnings; to the contrary, substantial compliance with Article 38.22 and *Miranda* is sufficient. *See **Martinez-Hernandez v. State***, 468 S.W.3d 748, 759 (Tex. App.—San Antonio 2015, no pet.) (citing ***Florida v. Powell***, 559 U.S. 50, 60, 130 S. Ct. 1195, 1204 175 L. Ed. 2d 1009 (2010), ***Bible v. State***, 162 S.W.3d 234, 240–41 (Tex. Crim. App. 2005)).  Because incomplete or incorrect warnings may be sufficient if they substantially comply with Article 38.22 and *Miranda*, Texas courts look to whether any alleged defect falls within the bounds of incomplete or incorrect warnings, rather than warnings that are completely omitted.  ***Cervantes-Guervara v. State***, 532 S.W.3d 827, 836 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Texas Code of Criminal Procedure Article 38.22 provides in pertinent part as follows:

> No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:
>
> (a) the accused, prior to making the statement, . . . received from the person to whom the statement is made a warning that:
>
> . . . .
>
> (3) he has the right to have a lawyer present to advise him prior to and during any questioning;
>
> (4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning;

TEX. CODE CRIM. PRO. ANN. art. 38.22 §2(a)(3)-(4) (West 2018).

Appellant contends that Investigator Quintanilla's oral recitation of his rights failed to comply with Art. 38.22, because in mentioning the right to appointment of a lawyer under

6

subsection four, the warning does not track the statutory repetition of the right to have such appointed counsel "prior to or during any questioning." *See id.* Furthermore, the written Article 38.22 form Investigator Quintanilla provided Appellant that he translated into Spanish describing the statutory rights contained the same error.

The Texas Court of Criminal Appeals has resolved this question. *See Eddlemon v. State*, 591 S.W.2d 847, 850 (Tex. Crim. App. 1979). There, the warnings had the same defect: the officer failed to repeat the portion of the right to an appointed lawyer that the lawyer advise him "prior to and during any questioning." *Id.* The Court held that the defendant was advised of his rights in compliance with Article 38.22, because the immediately preceding right described in the statute also advised him that he has a right to have a lawyer present to advise him "prior to and during any questioning." *Id.* The Court explained that "a warning which conveys, on 'the face of the statement' and in only slightly different language, the exact meaning of the statute is sufficient to comply with the statute." *Id.* The Court further explained that the defendant's "position attacks the statement due to the scrivener's error technical noncompliance with the statute, [and to hold otherwise] reflects the feeling that the requirements of *Miranda* have become more a ritualistic formalism than a means to protect the underlying constitutional privilege." *Id.*

Appellant attempts to distinguish *Eddlemon* because the Court noted that the defendant there was "an adult with demonstrable experience with and knowledge of criminal procedure." However, a close reading of that opinion reveals that it is not predicated on that fact for the incomplete warning to pass muster. *See id.* In *Linton*, when ruling on the constitutional adequacy of a translation, the Court stated that the "Constitution does not require that every defendant comprehend the English language with the precision of a Rhodes Scholar." *See Linton*, 275 S.W.3d at 502. The translation provided by Investigator Quintanilla substantially complied with the warnings in Article 38.22 and provided a fully effective equivalent of the protections afforded Appellant, which he acknowledged and understood both orally and in writing. Appellant does not claim that he was confused or misled and never asserted that he did not understand his rights. In fact, as we have described, he indicated in his responses that he understood his rights as conveyed to him by Investigator Quintanilla in both oral and written form.

Appellant's sole issue is overruled.

## DISPOSITION

Having **overruled** Appellant's sole issue in each case, the trial court's judgments are **affirmed**.

**BRIAN HOYLE**
Justice

Opinion delivered September 29, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 29, 2023**

**NO. 12-23-00034-CR**

**ARTURO LAGUNAS,**
Appellant

V.

**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR20-0397-173)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**SEPTEMBER 29, 2023**

**NO. 12-23-00035-CR**

**ARTURO LAGUNAS,**
Appellant

V.

**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court
of Henderson County, Texas (Tr.Ct.No. CR20-0398-173)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 29, 2023**

**NO. 12-23-00036-CR**

**ARTURO LAGUNAS,**
Appellant

V.

**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR20-0399-173)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 29, 2023**

**NO. 12-23-00037-CR**

**ARTURO LAGUNAS,**
Appellant

V.

**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR20-0400-173)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 29, 2023**

**NO. 12-23-00038-CR**

**ARTURO LAGUNAS,**
Appellant

V.

**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR20-0401-173)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 29, 2023**

**NO. 12-23-00039-CR**

**ARTURO LAGUNAS,**
Appellant

V.

**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court
of Henderson County, Texas (Tr.Ct.No. CR20-0402-173)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 29, 2023**

**NO. 12-23-00040-CR**

**ARTURO LAGUNAS,**
Appellant

V.

**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court
of Henderson County, Texas (Tr.Ct.No. CR20-0403-173)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 29, 2023**

**NO. 12-23-00041-CR**

**ARTURO LAGUNAS,**
Appellant

V.

**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR20-404-173)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*